**B. F. Moseley, Defendant in Error, v. William A. Waite, Plaintiff in Error.**

**Gen. No. 17,175.**

1. PAYMENT—*when not shown.* Where plaintiff, the assignee
of a note, ·obtains a judgment against defendant, the maker, and
the only evidence introduced by defendant in suport of his de-
fense of payment was evidence that he had paid in full an account
for labor with the payee of the note, and it is not shown that the
note had any connection with the account, the judgment is affirmed.

2. EVIDENCE—*burden of proof.* In an action on a note, where de-
fendant pleads payment, he· has the burden of proof.

3. EVIDENCE—*as to payment of note.* In an action on a note,
evidence offered by defendant to show payment of an account for
labor with the payee is properly excluded when there is no evidence
to show that the note had any connection with the account.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N.
GEMMILL, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Affirmed. Opinion filed May 21, 1913.

ARTHUR HUMPHREY, for plaintiff in error.

BEAUREGARD F. MOSELEY, *pro se.*

MR. JUSTICE GRAVES delivered the opinion of the
court.

One Frank Crowell worked for plaintiff in error

from September 16, 1908, to some time in 1910. On December 31, 1909, plaintiff in error gave to Crowell a note for $200, due six months after date, drawing six per cent. interest until paid. The record does not show whether this note was given for wages, borrowed money, merchandise or some other consideration, but it is not denied that it was given for a valuable and adequate consideration. On the back of the note appears an indorsement to defendant in error over the name of the payee and under date of June 25, 1910. On June 29, 1910, defendant in error notified plaintiff in error in writing in effect that the note had been assigned to him; that there was due thereon $206, and that he wanted the same paid when due. Suit was brought in the Municipal Court on the note in the name of the assignee, July 27, 1910. It was tried by the court without a jury and judgment was rendered against the maker, plaintiff in error here, for the full amount of the note and interest. The affidavit of defense, while in some respects informal, we think was sufficient to put in issue the validity of the assignment of the note; the date of the assignment and the defense of payment. Plaintiff in error has, however, directed his argument here solely to the issue of payment thereby waiving any questions that might have been raised as to whether, and if so, when the assignment was in fact made. The evidence introduced, offered and preserved, in the record, shows the facts, on which the claim of payment is based, to be that the payee of the note worked for plaintiff in error, as already stated; that on July 18, 1910, Crowell executed an assignment to defendant in error of an account for work and labor against plaintiff in error showing a balance due of $668, and on that same date defendant in error caused to be delivered to plaintiff in error a demand in writing for the payment of that account within three days. In this demand no reference was made to the note referred to in his notice of June 29, 1910, mentioned above. On July 14, 1910, one A.

Humphrey, as attorney for plaintiff in error, sent to defendant in error a letter enclosing a statement of account between plaintiff in error and Crowell, showing the amount due from plaintiff in error to Crowell for work to be $354.10, and enclosing therewith the check of plaintiff in error for that amount. That letter was as follows:

Chicago, July 14th, 1910.

Mr. Beauregard F. Moseley, Attorney & Counsellor at Law, 6221 South Halsted St., City.

Dear Sir:—Inclosed herewith, please find statement of account between Dr. W. A. Waite, proprietor of the Woodlawn Park Garage, and Frank Crowell, also a check for $354.10, in full of the balance due to Mr. Crowell, or you as the assignee of said account.

I have personally examined Dr. Waite's books, and several witnesses, regarding this matter, and am fully convinced and satisfied that this account is correct, and that this check is for the entire amount, which can under any possible proof or construction, be due Mr. Crowell, therefore tender you this check in full of all his demands to date.

Trusting that you will see your way clear to accept the same, I am,

Yours very truly,
(Signed) A. Humphrey,
Attorney for W. A. Waite.''

Across the face of the account enclosed in this letter letter defendant in error wrote:

''Received payment, B. F. Moseley, assignee.''

On the next day defendant in error by letter again demanded of plaintiff in error payment of the $200 note. On the third day thereafter Mr. Humphrey wrote the defendant in error as follows:

Mr. Beauregard F. Moseley,
Attorney & Counsellor at Law,
6221 S. Halsted St., City.

Dear Sir:—Your letter of the 15th inst., addressed to Mr. W. A. Waite, 6340 Madison Avenue, has been handed to me for reply.

In this matter, a statement was made by Dr. Waite,

showing the entire time Mr. Frank Crowell was in his employ. His wages for this time amounted to $897.10; there was paid to him by Dr. Waite, during the time he was in his employ $543.00. This left $354.10, the total amount due. On the 14th inst., a check for this amount was inclosed in a letter written by me, which check was tendered to you in full of all demands to date. You accepted this check and receipted the bill. As I understand the authorities in this state, this closes the matter, and there is nothing now due on the note you mention, it having been fully paid by the check above referred to.

If you know of any reason why this is not true, of course, I would be glad to take it up with you, but as I view the law and the facts, there is nothing due you or Mr. Crowell, from Dr. Waite, and the note should be surrendered to him and cancelled.

Yours very truly,
(Signed)   A. HUMPHREY."

In this letter written four days after the check in payment of the account had been sent to defendant in error, and accepted by him, the note is first mentioned in connection with the open account and then only by way of a recital by Mr. Humphrey of his construction of what the check was to pay.

On the defense of payment the burden of proof was on plaintiff in error. The proof offered by him went solely to question of the payment of the labor claim. The suit was not begun to recover on that claim, but was brought on an assigned promissory note, and there was no proof competent or otherwise introduced or offered tending to show that the note sued on had any connection with services rendered by Crowell for plaintiff in error. The proof offered to show payment of the labor claim was properly excluded.

The judgment of the Municipal Court is, therefore affirmed.

*Judgment affirmed.*